UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20085-CR-COOKE

**UNITED STATES OF AMERICA,**

vs.

**GEORGE FERRER SANCHEZ,**

      **Defendant.**

                                                 /

## **PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant George Ferrer Sanchez (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On February 8, 2019, a federal grand jury returned an Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. *See* Indictment, ECF No. 12. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property. *See id.* at 4, ¶ 4. The Indictment alleged that the property subject to forfeiture as a result of the alleged offenses includes, but is not limited to:

    a. a sum equal in value to any property, real or personal, involved in the offense, or any property traceable to such property, which the United States will seek as a forfeiture money judgement against the defendant;
    b. all interests of the defendant, directly or indirectly, in any contracts with "R.I. #1"; and
    c. all interests of the defendant, directly or indirectly, in any contracts with "R.I. #2."

*See id.* at 4, ¶ 5.

On August 13, 2019, the Court accepted the Defendant's guilty plea to Count 3 of the Indictment. *See* Plea Agreement ¶ 1, ECF No. 30. In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 31. The United States Probation Office has since conducted a presentence investigation. *See* Presentence Investigation Report, ECF No. 33.

As set forth in the Presentence Investigation Report, the total amount of funds involved in the Defendant's laundering conspiracy was $5.4 million, which represents the 20 percent of the professional baseball contract that the Defendant received in exchange for smuggling Migrant #1 and Migrant #2 as part of his offense. *See* Presentence Investigation Report ¶¶ 11-18, 24; HSI Special Agent Ordonez's Declaration ("Ordonez Declaration") ¶¶ 7-10, which is attached hereto as Government Exhibit A. Therefore, based on the record in this case, the total value of the property involved in the offense of conviction is $5.4 million, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

A portion of the $5.4 million in smuggling funds was used to acquire (1) real property located at 17623 S.W. 18 Street, Miramar, Florida 33029, and (2) real property located at 8551 W. 33 Ave., Hialeah, Florida 33018 (collectively, the "Real Properties"). *See* Ordonez Declaration ¶¶ 10-20. Consequently, the Real Properties constitute property involved in the money laundering conspiracy and are subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1).

The United States has also not been able to locate all of the directly forfeitable property. HSI Agent Ordonez identified vehicles and other assets that may be traceable to the $5.4 million smuggling payment. It is the conclusion of HSI Special Agent Albert M. Ordonez that other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of

the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.  *See* Ordonez Declaration, ¶ 23.  Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $5.4 million in U.S. currency is hereby entered against Defendant George Ferrer Sanchez.

2. Pursuant to 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the following real properties are forfeited to the United States:

> **17623 S.W. 18 Street, Miramar, FL 33029**, which is more fully described as:
>
>> Lot Z27, Silver Lakes Phase III, according to the map or plat thereof, as recorded in Plat Book 156, Page(s)21 of the Public Records of Broward County, Florida;
>>
>> Parcel ID No. 514030-05-2570; and
>
> **8551 W. 33 Ave., Hialeah, Florida 33018**, which is more fully described as:
>
>> Lot 4, Block 22, Bellagio, according to the plat thereof, as recorded in Plat Book 169, Page 94, of the Public Records of Miami-Dade County, Florida;
>>
>> Parcel ID No. 04-202-029-3060

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5.   The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7.   The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 30th day of January 2020.

_____
MARCIA G. COOKE
United States District Judge